# IN THE UNTED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **MIRNA DARDER,** individually and on behalf of All similarly situated individuals**,** | )<br>)<br>) **Case No.** |
| Plaintiff, | )<br>) **JURY TRIAL DEMANDED** |
| v. | )<br>) |
| **WAY.COM INC.,** a Delaware corporation, and **AVENGE DIGITAL, LLC**, a Washington limited liability company, | )<br>)<br>)<br>) |
| Defendants. | ) |

## CLASS ACTION COMPLAINT

Plaintiff Mirna Darder ("Darder" or "Plaintiff") brings this Class Action Complaint and Demand for Jury Trial ("Complaint") against Defendants Way.com, Inc. ("Way.com") and Avenge Digital, LLC ("Avenge") to: (1) stop Defendants' practice of placing calls using "an artificial or prerecorded voice" to the telephones of consumers nationwide without their prior express consent, (2) enjoin Defendants from continuing to place prerecorded telephone calls to consumers who did not provide their prior express consent to receive them, and (3) obtain redress for all persons injured by its conduct. Plaintiff, for her Complaint, alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

## NATURE OF THE ACTION

1. Way.com is an internet-based company that offers automobile-related services, such as auto insurance and parking reservations.

2. Avenge Digital is an internet marketing company that provides lead generation services to Way.com.

3.      Unfortunately for consumers, Defendants cast their marketing net too wide. That is, in an attempt to promote thier products and services, Defendants conducted (and continue to conduct) a wide-scale telemarketing campaign that features the repeated making of unsolicited prerecorded phone calls to consumers' telephones without consent and in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (the "TCPA").

4.      By making these prerecorded calls, Defendants caused Plaintiff and the members of the Class actual harm and cognizable legal injury. This includes the aggravation and nuisance and invasions of privacy that result from the receipt of such prerecorded calls, in addition to the wear and tear on their telephones, consumption of battery life, consumption of memory on their phones and voicemail, lost minutes, loss of value realized for the monies consumers paid to their carriers for the receipt of such calls, in the form of the diminished use, enjoyment, value, and utility of their telephone plans. Furthermore, Defendants made the calls knowing they interfered with Plaintiff's and the other Class members' use and enjoyment of, and the ability to access their phones, including the related data, voicemail, software, and hardware components.

5.      The TCPA was enacted to protect consumers from prerecorded phone calls like those alleged and described herein. In response to Defendants' unlawful conduct, Plaintiff files this lawsuit seeking injunctive relief, requiring Defendants to cease all prerecorded telephone calling activities to telephones without first obtaining prior express written consent, as well as an award of statutory damages to the members of the Class under the TCPA, costs, and reasonable attorney's fees

**PARTIES**

6.      Plaintiff is a natural person and resident of Illinois. She resides in Chicago.

7. Way.com is a corporate with its principal place of business in Fremont, California.

8. Avenge is a limited liability company with a principal place of business located in Redmond, Washington.

9. Both Defendants transacts business in this District.

## JURISDICTION AND VENUE

10. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331, as the action arises under the TCPA, which is a federal statute. This Court has personal jurisdiction over Defendants pursuant to federal due process and Illinois' long-arm statute because Defendants, among other things, transact substantial business within Illinois; solicit significant business in Illinois; contract to supply goods and services in Illinois; purposefully directed their telemarketing to Illinois; serve, directly or indirectly, the market in Illinois; a significant portion of the events or claims giving rise to this Complaint arise out of, relate to, were directed to, and/or occurred within Illinois; Defendants committed tortious acts outside Illinois causing injury to person or property within said state; Defendants regularly conduct business in Illinois and/or derives substantial revenue from goods used or services rendered in said state; or Defendants expect or should reasonably expect the acts complained of to have consequences in Illinois and derives substantial revenue from interstate or international commerce.

11. Venue is proper in this District under 28 U.S.C. § 1391(b) because Plaintiff resides in this District and the wrongful conduct giving rise to this case occurred in and/or was directed to this District.

## COMMON FACTUAL ALLEGATIONS

12. In recent years, companies such as Way.com and Avenge have turned to unsolicited telemarketing as a way to increase their customer base. Widespread telemarketing is a primary method by which Defendants recruit new customers.

13. As explained by the Federal Communications Commission ("FCC") in its 2012 order, the TCPA requires "*prior express written consent* for all autodialed or prerecorded telemarketing calls to wireless numbers and residential lines." *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG No. 02-278, FCC 12-21, 27 FCC Rcd. 1830 ¶ 2 (Feb. 15, 2012).

14. In plain violation of this rule, Defendants fail to obtain any prior express written consent to make prerecorded calls to cellular and landline telephone numbers.

15. Prior to placing these prerecorded voice calls to consumers, Defendants failed to obtain express written consent as required by the TCPA.

16. At all times material to this Complaint, Defendants were and are fully aware that unsolicited telemarketing calls are being made to consumers' telephones through their own efforts and their agents.

17. Defendants knowingly made (and continues to make) unsolicited prerecorded telemarketing calls without the prior express written consent of the call recipients as well as calls to those on the national do not call registry. In so doing, Defendants not only invaded the personal privacy of Plaintiff and members of the putative Class, but also intentionally and repeatedly violated the TCPA.

## FACTS SPECIFIC TO PLAINTIFF DARDER

18. Darder is the ordinary and customary user of a cellphone number ending in 0082. This number is for Darder's personal use and is not used for business purposes.

19. On January 6, 2022, Darder received a telemarketing telephone call from the number 918-418-4944. The call featured an artificial or pre-recorded voice, specifically "avatar" or "soundboard" technology. This technology involves humans listening into a call and attempting to press computer buttons to generate a pre-recorded response that would be consistent with what a human operator may say. On information and belief, this call was placed by Defendant Avenge Digital and was made to solicit the sale of Way.com's products and services.

20. Specifically, the "avatar" pre-recorded voice "spoke" with Darder about whether Darder was interested in purchasing auto insurance. Eventually, the call was transferred to a man named David who stated he was with Way.com. Thus, Avenge Digital provided lead generation services for Way.com's benefit and on Way.com's behalf.

21. Darder received seven additional calls from Avenge Digital. These calls were placed on the following dates:

- December 17, 2021 from 918-871-5921
- December 17, 2021 from 918-412-7518
- December 29, 2021 from 918-927-3978
- January 2, 2022 from 918-675-6138
- January 3, 2022 from 918-418-4655
- January 6, 2022 from 918-727-8892
- January 6, 2022 from 918-713-9195

22. During all times relevant, Plaintiff did not consent orally or in writing for Defendants to place prerecorded calls to her. Simply put, Defendants never obtained Plaintiff's prior written (or oral, for that matter) express consent to place any telephone calls to her using a prerecorded voice.

23. By making unauthorized prerecorded telephone calls as alleged herein, Defendants have caused consumers actual harm in the form of annoyance, nuisance, and invasion of privacy. In addition, the calls disturbed Plaintiff's use and enjoyment of her phone, interfered with her use and enjoyment of her voicemail, took up space in her voicemail memory and required her time to listen to, in addition to the wear and tear on the phone's hardware (including the phone's battery) and the consumption of memory on Plaintiff's phone. In the present case, a consumer could be subjected to many unsolicited prerecorded telephone calls as the Defendants do not take care to ensure that the recipients of their prerecorded calls have given their prior express written consent to be called.

24. In order to redress these injuries, Plaintiff, on behalf of herself and the class of similarly situated individuals, bring suit under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, which prohibits unsolicited prerecorded telephone calls to telephones without prior express written consent.

25. On behalf of the Class, Plaintiff seeks an injunction requiring Defendants to cease all unsolicited prerecorded telephone calling activities in the absence of prior express written consent, and an award of statutory damages to the class members to be paid into a common fund for the benefit of the Class, together with costs and reasonable attorney's fees to be paid from any such common fund.

## CLASS ALLEGATIONS

26. Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of herself and all others similarly situated and seeks certification of the following Class:

> **Prerecorded No Consent Class:** All persons in the United States from four years prior to the filing of this action through the date the date notice is sent to the Class who (1) received a telemarketing call made by Avenge Digital which was transferred to Way.com, (2) on the person's telephone, (3) using an artificial or prerecorded voice, (4) for the purpose of soliciting the sale of a product or service, and (5) for whom Defendants claim prior express written consent was obtained in the same manner as Defendants claim prior express written consent was obtained to call the Plaintiff.

27. The following individuals are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendants, their subsidiaries, parents, successors, predecessors, and any entity in which Defendants or their parents have a controlling interest and their current or former employees, officers, and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the classes; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendants have been fully and finally adjudicated and/or released. Plaintiff anticipates the need to amend the class definitions following appropriate discovery.

28. **Numerosity**: The exact size of the Class is unknown and not available to Plaintiff at this time, but it is clear that individual joinder is impracticable. On information and belief, Defendants placed prerecorded telephone calls to thousands of consumers who fall into the definition of the Classes. Members of the Class can be easily identified through Defendants' records.

29. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

    (a) whether Defendants' conduct constitutes a violation of the TCPA;

    (b) whether Defendants systematically made telephone calls to members of the Prerecorded No Consent Class without first obtaining prior express written consent to make the calls;

    (c) whether Defendants utilized a prerecorded voice to make its calls to members of the Prerecorded No Consent Class;

    (d) whether Defendants made prerecorded telephone calls to members of the Prerecorded No Consent Class without first obtaining prior express written consent to make the calls;

    (e) whether members of the Class are entitled to treble damages based on the willfulness of Defendants' conduct; and

    (f) whether Defendants obtained prior express written consent to contact any class members.

30. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Class, and has retained counsel competent and experienced in class actions. Plaintiff has no interests antagonistic to those of the Class, and Defendants have no defenses unique to Plaintiff. Plaintiff and her counsel are committed to vigorously prosecuting this action on behalf of the members of the Class, and have the financial resources to do so. Neither Plaintiff nor her counsel has any interest adverse to the Class.

31. **Appropriateness**: This class action is also appropriate for certification because Defendants have acted or refused to act on grounds generally applicable to the Class and as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making final class-wide injunctive relief

8

appropriate. Defendants' business practices apply to and affect the members of the Class uniformly, and Plaintiff's challenge of those practices hinges on Defendants' conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff. Additionally, the damages suffered by individual members of the Class will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendants' actions. Thus, it would be virtually impossible for the members of the Class to obtain effective relief from Defendants' misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court. Economies of time, effort, and expense will be fostered and uniformity of decisions will be ensured.

**FIRST CAUSE OF ACTION**
Telephone Consumer Protection Act
**(Violations of 47 U.S.C. § 227, *et seq.*)**
**(On Behalf of Plaintiff and the Prerecorded No Consent Class)**

32. Plaintiff incorporates the foregoing factual allegations as if fully set forth herein.

33. Defendants made telephone calls using an artificial or pre-recorded voice to telephone numbers belonging to Plaintiff and other members of the Prerecorded No Consent Class without first obtaining prior express written consent to receive such calls. Written consent is required, yet Defendants failed to obtain written or oral consent.

34. The prerecorded voice calls actually played a prerecorded voice on Plaintiff's telephone.

35. By making the unsolicited telephone calls to Plaintiff and the Prerecorded No Consent Class members' telephones without their prior express written consent, and by utilizing a prerecorded voice to make those calls, Defendants violated 47 U.S.C. § 227(b)(1)(A)(iii).

9

36. As a result of Defendants' unlawful conduct, Plaintiff and the members of the Prerecorded No Consent Class are each entitled a minimum of Five Hundred Dollars ($500.00) in damages for each such violation of the TCPA.

37. In the event that the Court determines that Defendants' conduct was willful and knowing, it may, under 47 U.S.C. § 227(b)(3)(C), treble the amount of statutory damages recoverable by Plaintiff and the other members of the Prerecorded No Consent Class.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

1. An order certifying the Class as defined above, appointing Plaintiff Darder as the representative of the Class, and appointing her counsel as Class Counsel;

2. An award of actual monetary loss from such violations or the sum of five hundred dollars ($500.00) for each violation, whichever is greater all to be paid into a common fund for the benefit of the Plaintiff and the Class Members;

3. An order declaring that Defendants' actions, as set out above, violate the TCPA;

4. A declaratory judgment that Defendants' telephone calling equipment constitutes an automatic telephone dialing system under the TCPA;

5. An order requiring Defendants to disgorge any ill-gotten funds acquired as a result of its unlawful telephone calling practices;

6. An order requiring Defendants to identify any third-party involved in the pre-recorded calling as set out above, as well as the terms of any contract or compensation arrangement it has with such third parties;

7. An injunction requiring Defendants to cease all unsolicited prerecorded calling activities, and otherwise protecting the interests of the Class;

8. An injunction prohibiting Defendants from using, or contracting the use of, a pre-recorded voice without obtaining, and maintaining records of, call recipient's prior express written consent to receive calls made with such equipment;

9. An injunction prohibiting Defendants from contracting with any third-party for marketing purposes until it establishes and implements policies and procedures for ensuring the third-party's compliance with the TCPA;

10. An award of reasonable attorneys' fees and costs to be paid out of the common fund prayed for above; and

11. Such other and further relief that the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

Respectfully Submitted,

**MIRNA DARDER**, individually and on behalf of two Classes of similarly situated individuals

Dated: July 29, 2022           By:     /s/ Steven L. Woodrow
                                       One of Plaintiff's Attorneys

Steven L. Woodrow
swoodrow@woodrowpeluso.com
Patrick H. Peluso
ppeluso@woodrowpeluso.com
Woodrow & Peluso, LLC
3900 E. Mexico Avenue, Suite 300
Denver, Colorado 80210
Tel: 720-213-0675
Fax: 303-927-0809

*Attorneys for Plaintiff and the Class*